# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

THOMAS A. MOORE,            )
                            )
        Petitioner,    )
                            )
vs.                         )   Case No. CIV-11-586-F
                            )
DAVID MILLER, Warden,       )
                            )
        Respondent.    )

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, brings this action pursuant to 28 U.S.C. § 2254 seeking a writ of habeas corpus. United States District Judge Stephen P. Friot has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). The petition has been examined in accordance with Rule 4 of the Rules Governing Section 2254 Cases, and, for the reasons stated below, it is recommended that the petition be dismissed upon filing.

By this action, Petitioner challenges his conviction upon his guilty plea to robbery in the first degree, for which he received a sentence of twenty-five years imprisonment. Case No. CF-2005-1592, District Court of Tulsa County. Petition, 2.[1] Petitioner did not move to withdraw his guilty plea or directly appeal his conviction. Petition, 3. However, he filed an application for post-conviction relief on December 8, 2010, which the state district court denied on January 6, 2011. Petition, 4. Petitioner appealed the denial to the Oklahoma Court

---

[1]The page numbers cited for the petition are the pre-printed numbers at the bottom of the "form" petition. Page 2 is actually the first page of the petition.

of Criminal Appeals which affirmed the decision on April 25, 2011. Petition, 5; Case No. PC-2011-56, Oklahoma Court of Criminal Appeals, attached to Petition. The petition for federal habeas relief was filed in this Court on May 24, 2011. Petition, 2.

Construing the petition broadly, Petitioner raises two grounds for relief. First, he claims that his sentence violated the plea agreement in which he was to receive a ten year sentence of imprisonment and a fifteen year suspended sentence. Petition, 6. Second, he alleges that his trial counsel rendered ineffective assistance of counsel when his counsel failed to inform him that he was not eligible to receive a suspended sentence under Oklahoma law. Petition, 13; Brief in Support (attached to Petition).

## I. SCREENING REQUIREMENT

District courts must review habeas petitions promptly and summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 Cases. Additionally, "district courts are permitted, but not obliged, to consider, sua sponte, the timeliness of a state prisoner's habeas petition." Day v. McDonough, 547 U.S. 198, 209 (2006). However, "before acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions." Day, 547 U.S. at 210. This Report and Recommendation provides both fair notice and an opportunity for Petitioner to present his position by filing an objection to the Report and Recommendation. When raising the issue sua sponte, the district court must also "assure itself that the petitioner is not significantly prejudiced . . . and determine whether the interests of justice would be better served by

addressing the merits or by dismissing the petition as time barred." Id. (internal quotation marks omitted); Thomas v. Ulibarri, No. 06-2195, 214 Fed. Appx. 860, 861 n.1 (10th Cir. Jan. 31, 2007).[2] Finally, a Court may dismiss a § 2254 habeas petition sua sponte only if the petition is clearly untimely on its face. Kilgore v. Attorney General of Colorado, 519 F.3d 1084, 1085 (10th Cir. 2008). The initial review of the petition shows that the petition is untimely filed, and for that reason, it is recommended that the petition be dismissed upon filing.

## II. CONCURRENT JURISDICTION

As a preliminary matter, it is noted that Petitioner is challenging a conviction imposed in the Tulsa County District Court, which is located in the Northern District of Oklahoma. See 28 U.S.C. § 116(a). Petitioner is incarcerated at the Lawton Correctional Facility, which is located in the Western District of Oklahoma. See 28 U.S.C. § 116(c). Under these circumstances, the Northern and Western Districts have concurrent jurisdiction over the habeas petition. See 28 U.S.C. § 2241(d).

In a Report and Recommendation entered on May 31, 2011, the undersigned found that Petitioner had sufficient funds to pay the $5 filing fee, and thus, it was recommended that his application to proceed in forma pauperis be denied. In that Report and Recommendation, the undersigned noted the concurrent jurisdiction issue, and advised Petitioner that it has been a long standing policy of these two federal courts that justice is

---

[2]This and any other unpublished dispositions are cited pursuant to Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

3

normally better served by the adjudication of the habeas petition in the district where the conviction was obtained. Report and Recommendation, 2. Thus, Petitioner was advised that rather than paying the $5 filing fee here, he might instead choose to refile the action in the United States District Court for the Northern District of Oklahoma. In response, Petitioner paid the filing fee in this Court, but he also sent a letter to the Clerk of this Court, stating that he gives his consent to transfer this action to the United States District Court for the Northern District of Oklahoma. [Doc. Nos. 6, 7]. However, although § 2241 gives this Court discretion to transfer the action to the Northern District of Oklahoma in the furtherance of justice, it is not recommended to do so here because the petition is clearly untimely, and thus, it would potentially give Petitioner false hope and would waste judicial resources to transfer a case "which is clearly doomed." See Haugh v. Booker, 210 F.3d 1147, 1150 (10th Cir. 2000).

### III. AEDPA LIMITATIONS PERIOD

The Antiterrorism and Effective Death Penalty Act (AEDPA) established a one year limitations period governing the claims of a habeas petitioner in state custody. Rhine v. Boone, 182 F.3d 1153, 1154 (10th Cir. 1999). The one year limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(c) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). Unless a petitioner alleges facts implicating subsection (B), (C) or (D), the limitations period generally begins to run from the date on which the conviction becomes final. See Preston v. Gibson, 234 F.3d 1118, 1120 (10th Cir. 2000).

Petitioner argues that his petition is timely because his trial counsel allegedly lied to him about the sentence he would receive and misinformed him of the law. Petition, 14. The undersigned has considered whether this claim might implicate 28 U.S.C. § 2244(d)(1)(D). However, even assuming that his counsel's failure to inform him that he was not eligible to receive a suspended sentence and that he would be required to serve all twenty-five years in prison does implicate § 2244(d)(1)(D), it would not change the applicable dates here because Petitioner would have become aware of the alleged violation of the plea agreement and his trial counsel's ineffective assistance when the state trial court sentenced him.[3] Petitioner has not alleged anything else to suggest that subsections (B), (C), or (D) apply to the petition, so its timeliness will be evaluated from the date Petitioner's conviction became final by the expiration of the time for seeking direct review.

---

[3] To the extent Petitioner is alleging discovery of the legal significance of a fact as opposed to discovery of the factual predicate itself, he is relying on ignorance of the law with regard to his claims which would not excuse prompt filing. Davis v. Roberts, 425 F.3d 830, 836 (10th Cir. 2005); Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000).

5

The trial court entered its judgment on September 16, 2005. Petition, 2. Petitioner had ten days from that date to move to withdraw his guilty plea. See Rule 4.2, Rules of the Oklahoma Court of Criminal Appeals, Okla. Stat. tit. 22, Ch. 18, App. As he did not, his conviction became final for limitations purposes on September 26, 2005. Fisher v. Gibson, 262 F.3d 1135, 1142 (10th Cir. 2001) (petitioner's three convictions pursuant to guilty pleas were final ten days after entry of each judgment and sentence where petitioner failed to appeal each conviction, citing Rule 4.2). Therefore, the one year limitations period began to run on September 27, 2005, and absent any tolling expired on September 27, 2006. See Haws v. Jorgensen, No. 05-4141, 219 Fed. Appx. 781, 783 (10th Cir. Mar. 14, 2007) ("Haws' conviction became final on January 28, 2004, and the one year period of limitations commenced the next day, January 29, 2004." (footnote omitted)); Malone v. State, Nos. 03-6246, 03-6175, 100 Fed. Appx. 795, 796 (10th Cir. June 8, 2004) (one year limitations period should be calculated using anniversary date method). The petition herein was filed on May 24, 2011, which is over four and a half years after the limitations period expired. Petition, 2. Thus, absent statutory or equitable tolling, the petition is untimely.

**A. STATUTORY TOLLING**

The AEDPA limitations period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). However, only those applications for state post-conviction relief filed prior to the expiration of the AEDPA limitations period will toll it. See Fisher, 262 F.3d at 1142-43. Thus, although Petitioner filed an application for post-

6

conviction relief, it did not toll the running of the AEDPA limitations period because Petitioner did not file it until December 8, 2010, over four years after the September 27, 2006, expiration of the limitations period.

### B. EQUITABLE TOLLING

The limitations period may be equitably tolled under circumstances where its application would possibly render the habeas remedy "inadequate and ineffective." Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998). However, equitable tolling is limited to "rare and exceptional circumstances." Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000). To justify equitable tolling, a petitioner must diligently pursue his claims and "demonstrate[] that the failure to timely file was caused by extraordinary circumstances beyond his control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000). The petitioner bears the burden to demonstrate that equitable tolling applies. Cooper v. Bravo, No. 00-2462, 36 Fed. Appx. 343, 347 (10th Cir. Jan. 11, 2002) (citing Miller, 141 F.3d at 978).

The only facts that could arguably support a claim of equitable tolling are trial counsel's alleged failure to inform Petitioner that he was not eligible to receive a suspended sentence and that he would be required to serve all twenty-five years in prison. However, the record does not show that Petitioner has diligently pursued his federal claims. Gibson, 232 F.3d at 808; Marsh, 223 F.3d at 1220. "[T]his Circuit has generally declined to apply equitable tolling when it is facially clear from the timing of the state and federal petitions that the petitioner did not diligently pursue his federal claims." Burger v. Scott, 317 F.3d 1133, 1141 (10th Cir. 2003). As stated above, Petitioner would have become aware of his trial

7

counsel's alleged ineffectiveness and of the alleged violation of the plea agreement when the state trial court sentenced him on September 16, 2005. However, he waited until more than four years after the limitations period expired to bring a collateral attack on his conviction. In light of this significant delay, equitable tolling is not appropriate.

## RECOMMENDATION

Based upon the foregoing analysis, it is recommended that the petition be dismissed upon filing as untimely. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by July 6, 2011, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal questions contained herein. Moore v. United States, 950 F.2d 656 (10th Cir. 1991). The Clerk is directed to send a copy of this Report and Recommendation through electronic mail to the Attorney General of the State of Oklahoma on behalf of the Respondent at the following address: fhc.docket@oag.state.ok.us. This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED this 16th day of June, 2011.**

_____
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE